# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| RICHARD LYNN DOPP, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-15-244-D |
|  | ) |  |
| RAY LARIMER,[1] et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 33], issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that Defendants' motions to dismiss be granted.[2] Plaintiff Richard Dopp, who appears *pro se*, has filed a timely written objection. He has also filed two motions to supplement the record to add documentary evidence to support his claim under 42 U.S.C. § 1983 that he was denied medical care for a neck or spinal condition. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] A misspelling of Ray Larimer's name in the Complaint as "Larimar" has been corrected.

[2] Judge Purcell recommends the dismissal of Defendant Dr. Fred Sanders pursuant to 28 U.S.C. § 1915(e)(2)(B) because although he had not moved for dismissal at the time of the Report, the same reasons for dismissing other defendants also apply to him. After the Report was issued, Dr. Sanders was permitted to join in these defendants' motion. *See* Order of June 1, 2016. Thus, the Court deems Judge Purcell's recommendation for granting the motion to include Dr. Sanders.

This civil rights action under 42 U.S.C. § 1983 concerns the conditions of Plaintiff's confinement as a state prisoner at the Davis Correctional Facility ("DCF"), a private prison in Holdenville, Oklahoma. His Complaint contains two claims for relief: Count I, denial of dental treatment for "severe periodontal teeth [and] gum disease infection;" and Count II, denial of "adequate medical treatment for his chronic daily head [and] neck aches." *See* Compl. [Doc. No. 1], pp.8,9. The defendants named in Count I are two dentists who treat DCF prisoners, Dr. Brisolara and Dr. Brevan, and DCF's health services administrator, Ray Larimer. The defendants named in Count II are Dr. Fred Sanders (a physician at DCF), Mr. Larimer, and Genese McCoy, the medical services administrator for the Oklahoma Department of Corrections ("ODOC").[3] Ms. McCoy promptly moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6). After obtaining an extension of time, the DCF defendants filed the court-ordered Special Report and a motion to dismiss under Rule 12(b)(6).[4]

After careful consideration of the motions, Plaintiff's responses, and the case record, Judge Purcell makes several findings that are adverse to Plaintiff. Regarding Ms. McCoy,

---

[3] With his Complaint, Plaintiff filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. Although Plaintiff has previously accumulated more than three "prior occasions" or strikes under § 1915(g), Judge Purcell granted the application based on a finding that Plaintiff's allegations were "facially sufficient to allege an imminent danger of serious physical harm" and, thus, to satisfy the imminent-danger exception of § 1915(g). *See* Order Granting Leave to Proceed In Forma Pauperis [Doc. No. 5], p.2. A partial filing fee of $3.70 was initially assessed but subsequently excused, and Judge Purcell then ordered the service of process and the preparation of a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). See Order Granting Leave to Proceed In Forma Pauperis and Order Requiring Special Report and Service of Process [Doc. No. 7].

[4] The motion also cites Rule 12(b)(1) and asserts this Court lacks jurisdiction because Plaintiff previously brought the same claims in a state court action, which was dismissed, and the claims are now barred by the doctrine of *res judicata*. This doctrine is not jurisdictional but may properly be asserted under Rule 12(b)(6). *See Merswin v. Williams Cos.*, 364 F. App'x 438, 441 (10th Cir. 2010) (unpublished).

Judge Purcell finds that any official-capacity claim must be dismissed for lack of jurisdiction due to Eleventh Amendment immunity and that the Complaint fails to state an individual-capacity claim because Plaintiff does not allege Ms. McCoy "personally participated in or made decisions concerning his medical treatment." *See* R&R [Doc. No. 33], p.7. Judge Purcell finds that Count I must be dismissed pursuant to 42 U.S.C. § 1997e(a) because Plaintiff failed to exhaust his administrative remedies regarding the alleged denial of dental care. Regarding Count II, Judge Purcell finds that the Complaint fails to state a claim of deliberate indifference to a serious medical need by Dr. Sanders and Mr. Larimer because Plaintiff's allegations show he has received medical treatment for his headaches and neck condition and has been scheduled for an independent evaluation; he simply desires a surgical treatment that has not been recommended by any medical examiner. Judge Purcell further finds that Plaintiff complains of delay in receiving a neurosurgical evaluation but does not allege the delay has resulted in substantial harm. Plaintiff objects to these findings.[5]

### A.     Plaintiff's Action Against Defendant McCoy

Liberally construing Plaintiff's Objection, he first objects to Judge Purcell's finding that Ms. McCoy in her official capacity is entitled to Eleventh Amendment immunity. Plaintiff states, with apparent inconsistency, that he is suing all defendants in their individual

---

[5] With respect to each issue, Plaintiff prefaces the arguments presented in his Objection by stating that he "defers to his Responses to the ODOC/DCF Defendants' Motions to Dismiss and adds the following." *See* Pl.'s Obj'n [Doc. No. 40], pp.1,2,3,5,8-9. The court of appeals has adopted a "firm waiver" rule that requires a timely and specific objection to preserve an issue for *de novo* review by the district court. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Plaintiff's general reference to prior response briefs is insufficient to preserve any specific issue for further review.

3

capacities and that Ms. McCoy is not immune from an official-capacity suit to obtain prospective injunctive relief from an ongoing violation of federal law, which is sufficiently alleged in his Complaint. *See* Pl.'s Obj'n [Doc. No. 40], pp.2-3. The first statement is not an objection to Judge Purcell's finding of Eleventh Amendment immunity. The second statement is based on a legal principle, the *Ex parte Young*[6] doctrine, that has no apparent application to this action.[7]

Plaintiff also objects to Judge Purcell's finding that the Complaint fails to state a claim against Ms. McCoy personally. As the Court understands Plaintiff's Objection, he contends the Complaint sufficiently alleges a supervisory liability claim against her. *See* Pl.'s Obj'n [Doc. No. 40], p.3 (citing *Green v. Branson*, 108 F.3d 1296, 1302-03 (10th Cir. 1997)). Plaintiff asserts that Ms. McCoy has the authority "to override any decision made by ODOC/DCF subordinate prison medical staff and provide relief at any stage of the Grievance procedure." *Id*. Plaintiff points to allegations that he informed Ms. McCoy during the

---

[6] *Ex parte Young*, 209 U.S. 123 (1908).

[7] The Tenth Circuit has summarized the legal principles as follows:

"[I]n making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157, 28 S.Ct. 441. We have explained that "Defendants are not required to have a 'special connection' to the unconstitutional act or conduct. Rather, state officials must have a particular duty to 'enforce' the statute in question and a demonstrated willingness to exercise that duty." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007).

*Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). Plaintiff does not allege any particular duty of Ms. McCoy with regard to enforcement of an alleged unconstitutional act.

4

grievance process that the treatment he was receiving at DCF was inadequate but she did nothing to assist him, despite her "inherent authority to have [Plaintiff] sent to a totally independent surgical institute . . . that would assuredly provide necessary corrective surgery" for his neck condition. *Id*. p.4. Plaintiff contends both that his Complaint is sufficient and that he could cure any deficiency through amendment of his pleading.

The Supreme Court made clear in *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), that to state a § 1983 claim against a supervisor for the conduct of subordinates, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." The court of appeals has distilled from *Iqbal* the following rule for supervisory liability: "A plaintiff may therefore succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010); *see also Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015); *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013). To satisfy the second element, a plaintiff must allege facts to show the supervisor's "alleged action(s) caused the constitutional violation." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 768 (10th Cir. 2013).

In this case, Plaintiff has not alleged any facts that would state a plausible supervisory liability claim against Ms. McCoy for the alleged failure of Dr. Sanders and Mr. Larimer to provide Plaintiff with adequate medical treatment. He alleges neither a policy created or

5

implemented by Ms. McCoy nor actions by her that caused the alleged constitutional violation by subordinates. Therefore, the Court concurs in Judge Purcell's finding that Plaintiff has not stated an individual-capacity claim against Ms. McCoy. The Court further finds that Plaintiff has not identified any additional facts or allegations that would cure the deficiencies in his claim against Ms. McCoy, and thus an opportunity to amend his pleading would be futile.

**B.     Failure to Exhaust Administrative Remedies for Count I**

Plaintiff arguably objects on procedural and substantive grounds to Judge Purcell's recommendation to dismiss Count I for lack of administrative exhaustion, although he primarily argues the merits of his dental care claim. Plaintiff contends Judge Purcell erred in two respects: 1) by relying on materials outside the Complaint without converting a Rule 12(b)(6) motion to one for summary judgment; and 2) by finding that Plaintiff failed to complete the administrative process applicable to prisoners (like himself) who are subject to a grievance restriction policy, where he has shown that DCF and ODOC officials prevented him from complying with the policy.

With regard to Plaintiff's procedural argument, the Court agrees that the affirmative defense of administrative exhaustion raised by the DCF defendants depends on materials outside the Complaint and, therefore, cannot be decided under Rule 12(b)(6) but must be resolved as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d). The Court disagrees with Plaintiff, however, that a failure to issue a formal notice that the DCF defendants' motion would be treated as one for summary judgment prevents consideration

of the threshold issue of exhaustion, as mandated by § 1997e(a). There is no unfair surprise to Plaintiff because he responded to the motion by submitting his own materials. *See Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986) *see also Lamb v. Rizzo*, 391 F.3d 1133, 1136-37 & n.3 (10th Cir. 2004); *Calbart v. Sauer*, 504 F. App'x 778, 781 (10th Cir. 2012) (unpublished).[8] Further, Plaintiff does not contend the record before the Court regarding administrative exhaustion is incomplete in any material way, or that he would be prejudiced by a decision of the issue on the existing record. The Court finds that Plaintiff received sufficient notice of the need to come forward with facts to demonstrate that he fully exhausted his dental care claim.[9]

As a substantive matter, the Court rejects Plaintiff's contention that the DCF defendants have not established their exhaustion defense for the dental care claim asserted in Count I or, at least, that he has demonstrated a genuine issue of material fact regarding whether he exhausted available administrative remedies. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("PLRA only requires the exhaustion of 'available' administrative remedies"). It is undisputed that Plaintiff filed only one formal grievance regarding dental care at DCF, No. 2013-1001-00291G, before filing suit.[10] The grievance was twice returned

---

[8] Cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

[9] The Court notes that Judge Purcell twice advised Plaintiff that a dismissal motion based on documentary evidence could be treated as one for summary judgment. *See* Order Granting Leave to Proceed In Forma Pauperis and Order Requiring Special Report and Service of Process [Doc. No. 7], p.3; Order of July 13, 2015 [Doc. No. 20], p.1.

[10] Plaintiff was transferred to DCF in May 2013 during a prior lawsuit regarding his confinement at the Oklahoma State Penitentiary in McAlester, Oklahoma. See *Dopp v. Jones*, Case No. CIV-11-14-95-D, (continued...)

to Plaintiff unanswered because he failed to provide a correct affidavit, as required by the grievance restriction policy that applied to him at the time. The second time, Plaintiff attempted to appeal the decision to ODOC's administrative review authority, but his appeal was also returned unanswered for failure to provide the proper documentation to satisfy the grievance restriction policy. Plaintiff was advised that he could resubmit the corrected grievance within 10 days, but he did not pursue the grievance further.

Plaintiff does not dispute these facts. He asserts only that the rejection of his grievance papers for submitting an "incorrect" affidavit – without any explanation of what he needed to do to correct it – "thwarted his ability" to comply with the restriction policy. *See* Pl.'s Obj'n [Doc. No. 40], p.7. The Court is not persuaded. ODOC's grievance restriction policy was obviously designed to make it more difficult for a frequent filer to continue to submit more grievances. The Tenth Circuit has previously held that an inmate subject to the policy can properly be required to comply with it, and an inmate who is notified that his grievance is deficient and fails to correct it cannot be found to have exhausted the grievance process. Under these circumstances, the inmate "'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.'" *See Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (quoting *Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002)).

---

[10](...continued)
Pl.'s Am. Rule 59 Mot. (W.D. Okla. June 19, 2103). Plaintiff first filed suit regarding his dental care at DCF in September 2014. *See Dopp v. Jones*, Case No. CIV-14-961-D, Compl. (W.D. Okla. Sept. 8, 2014).

Upon *de novo* consideration, the Court finds no error in Judge Purcell's analysis of the administrative exhaustion issue. The Court fully concurs in Judge Purcell's finding that "Plaintiff failed to exhaust the administrative remedies available to him with respect to his claims against Defendants Larimer, Brisolera, and Beven in Count I of the Complaint" (R&R, p.14) and that Count I must be dismissed.

## C. Sufficiency of the § 1983 Claim Asserted in Count II

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Such a claim has objective and subjective components. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Under the objective component, a plaintiff must prove that his alleged deprivation was "sufficiently serious." *Farmer*, 511 U.S. at 834; *Sealock*, 218 F.3d at 1209. To satisfy the subjective component, a plaintiff must demonstrate that the defendant "was aware of and ignored an excessive risk to the inmate's health or safety." *See Farmer*, 511 U.S. at 837; *Sealock*, 218 F.3d at 1209. Where a medical professional is involved, the deliberate indifference standard "is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment. Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist or undertake additional medical testing." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006). An actionable claim may exist, however, "where the need for additional treatment or referral to a medical specialist is obvious" but the obvious need is ignored. *Id.*

In this case, Plaintiff alleges he experienced chronic headaches and neck pain that were treated with prescriptions of pain medication and diagnostic testing performed at DCF and a hospital in Holdenville. Plaintiff also alleges the results of those tests caused him to be scheduled for appointments to be examined by a specialist. At the time of the Complaint, however, Plaintiff had been waiting almost a year for a consultative examination to occur.[11] Thus, it is clear that Plaintiff alleges only a delay in additional treatment. Any claim that Plaintiff has been denied a prescribed treatment (corrective surgery) is factually unsupported; no medical professional has examined Plaintiff and recommended the treatment he desires.

"A prison medical professional who serves 'solely . . . as a gatekeeper for other medical personnel capable of treating the condition' may be held liable under the deliberate indifference standard if she 'delays or refuses to fulfill that gatekeeper role.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock*, 218 F.3d at 1211). Upon consideration, the Court finds that Plaintiff alleges minimally sufficient facts from which to infer that Dr. Sanders and Mr. Larimer have failed to perform a gatekeeper role for Plaintiff's further treatment. The Complaint alleges that an MRI resulted in the diagnosis of a spinal condition in his neck that was designated "High Priority," and that Dr. Sanders and Mr. Larimer have "full control . . . over all outside prison medical appointment scheduling as to certain high priority status medical conditions." *See* Compl. [Doc. No. 1], pp.9-10. Further, although

---

[11] Plaintiff states that an appointment with a neurosurgeon at OU Medical Center scheduled for May 2014 had to be rescheduled because the surgeon wanted an MRI to be done first, that the MRI was performed in March 2014, that Dr. Sanders promised a new appointment by August 2014, but none had occurred as of March 2015.

"[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm," as correctly stated by Judge Purcell, the court of appeals has held that severe pain may be sufficient to satisfy the objective element of the deliberate indifference test. *See Sealock*, 218 F.3d at 1210. Here, Plaintiff alleges the delay in treatment has caused him to experience "unbearable pain and suffering" that is not alleviated by prescribed medications. *See* Compl. [Doc. No. 1], p.11. He also alleges Dr. Sanders and Mr. Larimer were well aware of his uncontrolled, severe pain but ignored it. Thus, accepting Plaintiff's factual allegations as true, the Court finds that the Complaint sufficiently states a plausible claim of deliberate indifference to a serious medical need by Dr. Sanders and Mr. Larimer with regard to Plaintiff's neck condition.

## Conclusion

For these reasons, the Court finds that Count I of the Complaint against Dr. Brisolara, Dr. Bevan, and Mr. Larimer must be dismissed for failure to exhaust administrative remedies, but Count II against Dr. Sanders and Mr. Larimer should not be dismissed. The action against Ms. McCoy should be dismissed for lack of jurisdiction of an official-capacity claim and failure to state an individual-capacity § 1983 claim.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 33] is ADOPTED in part, as set forth herein. Defendant Genese McCoy's Motion to Dismiss [Doc. No. 19] is GRANTED; Defendants' Motion to Dismiss [Doc. No. 26] is GRANTED in part and DENIED in part. The case shall proceed only against Defendants Fred Sanders and Ray Larimer on Count II of the Complaint.

IT IS FURTHER ORDERED that Plaintiff's Motion to supplement Record With Newly Acquired Documentary Evidence [Doc. Nos. 39] and Plaintiff's Second Motion to Supplement Record [Doc. No. 45] are DENIED as moot.

IT IS FURTHER ORDERED that this matter is re-referred to Judge Purcell for further proceedings consistent with the initial case referral.

IT IS SO ORDERED this 29th day of July, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE