# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RICHARD LYNN DOPP, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-244-D ) |
| RAY LARIMER, *et al.*, | ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Reconsider/Alter or Amend Court's Order Dated 8-22-26 [Doc. No. 51]. Liberally construing Plaintiff's *pro se* filing, the Court treats the Motion as a request to reconsider a nondispositive pretrial matter determined by a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).[1] Plaintiff challenges the Order of August 22, 2016 [Doc. No. 50], issued by United States Magistrate Judge Gary M. Purcell. Plaintiff contends the Order should have been presented in the form of findings and a recommendation to a district judge regarding Plaintiff's Motion to Supplement Complaint [Doc. No. 49]. He also contends that Judge Purcell's reason for denying Plaintiff's request to file a supplemental pleading – to add claims against medical care providers at his current place of confinement – is "absurd." *See* Motion, p.2.

To obtain relief from a magistrate judge's order, an objecting party must show that the order "is clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). This standard has not been met with respect to the Order under review.

---

[1] Plaintiff cites Fed. R. Civ. P. 59, which applies to a final judgment.

Judge Purcell was authorized to decide a nondispositive pretrial motion governed by Fed. R. Civ. P. 15(d). *See* 28 U.S.C. § 636(b)(1)(A) (with certain exceptions, authorizing "a magistrate judge to hear and determine any pretrial matter pending before the court"); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015) (motions not designated as dispositive must "be treated as such . . . when they have an identical effect") (internal quotation omitted). Plaintiff desired to add new claims and parties because he was transferred to another correctional facility after the Complaint was filed, and he views his medical care providers' alleged denials of care by a specialist as "continuing wrongs." *See* Motion, p.2. However, the denial of Plaintiff's request to file a supplemental pleading did not dispose of any claim. His motion presented a discretionary matter appropriate for determination by the magistrate judge to whom the case was referred.

Further, Judge Purcell did not abuse his discretion in denying Plaintiff's motion to file a supplemental pleading. *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (Rule 15(d) motions "are addressed to sound discretion of the trial court") (internal quotation omitted). As admitted in the instant Motion, Plaintiff proposed to add claims alleging similar wrongs later committed by nonparties at a different correctional facility. As a consequence of the denial, Plaintiff must file a separate action against these other persons, which he has done. *See Dopp v. Honaker*, Case No. CIV-16-1164-D, Compl. (W.D. Okla. Oct. 6, 2016). Judge Purcell acted within his discretion in requiring Plaintiff to file another civil action regarding subsequent events occurring at a different institution.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reconsider/Alter or Amend Court's Order Dated 8-22-16 [Doc. No. 51] is DENIED.

IT IS SO ORDERED this 4th day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE