IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP,           )
                             )
            Plaintiff,       )
                             )
v.                           )   Case No. CIV-15-244-D
                             )
RAY LARIMER,[1] *et al.*,    )
                             )
            Defendants.      )

# ORDER

This matter comes before the Court for review of the Supplemental Report and Recommendation [Doc. No. 62], issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Purcell recommends that summary judgment be granted to Defendants Ray Larimer and Fred Sanders, D.O. on Plaintiff Richard Dopp's remaining claim under 42 U.S.C. § 1983 that he was denied medical care for a serious spinal condition. Plaintiff, who appears *pro se*, has filed a timely written objection [Doc. No. 63]. He has also filed two motions [Doc. Nos. 64 & 65], seeking to amend his prior response to Defendants' summary judgment motion and to supplement the record with additional documentary evidence to support his claim. The Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

---

[1] A misspelling of Ray Larimer's name in the Complaint has been corrected.

1

This civil rights action under 42 U.S.C. § 1983 concerns the conditions of Plaintiff's confinement as a state prisoner in custody of the Oklahoma Department of Corrections ("ODOC") while he was housed at the Davis Correctional Facility ("DCF"), a private prison in Holdenville, Oklahoma.[2] Previously, the Court adopted Judge Purcell's initial Report and Recommendation [Doc. No. 33] and dismissed all claims asserted in the Complaint except Count II, alleging a denial of "adequate medical treatment for [Plaintiff's] chronic daily head [and] neck aches" (Compl. [Doc. No. 1], at 9), against DCF's health services administrator, Mr. Larimer, and a physician employed at DCF, Dr. Sanders. *See* Order of July 29, 2016 [Doc. No. 46]. The basis of Plaintiff's § 1983 claim against Dr. Sanders and Mr. Larimer is that they delayed or refused to perform their duty "as a gatekeeper for other medical personnel capable of treating the condition," that is, a spinal condition in Plaintiff's neck allegedly causing severe and uncontrolled pain. *See id*. at 10-11 (quoting *Mata v.* Saiz, 427 F.3d 745, 751 (10th Cir. 2005); *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)).

Following the Court's prior ruling and re-referral of the case to Judge Purcell, Defendants Larimer and Sanders moved for summary judgment based on their affidavits and a *Martinez*[3] report regarding Plaintiff's medical records. *See* Defs.' Mot. Summ. J.

---

[2] After the case was filed, Plaintiff was twice transferred to other prisons: Cimarron Correctional Facility in Cushing, Oklahoma, in June 2015 (Notice of Change of Address [Doc. No. 18]; Larimer Aff. [Doc. No. 52-2 & 53-2], ¶ 4); and North Fork Correctional Facility in Sayre, Oklahoma, in October 2016 (Notice of Change of Address [Doc. No. 56]).

[3] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

[Doc. No. 53]; Special Report [Doc. No. 52]. The motion addresses the allegations of Plaintiff's claim that Dr. Sanders and Mr. Larimer acted with deliberate indifference to a serious medical need because, although Plaintiff received treatment for chronic headaches and neck pain, including diagnostic tests (x-ray, CT scan, and MRI), Plaintiff was promised a neurosurgical evaluation at the OU Medical Center, but the appointment was repeatedly delayed and essentially denied, depriving him of surgical treatment that was needed to correct a condition causing "unbearable pain" and, potentially, "permanent nerve damage and/or temporary or permanent paralysis." *See* Compl. [Doc. No. 1], at 9-10. Based on the allegations of the Complaint, controlling case law, and findings of undisputed facts shown by the case record, Judge Purcell concludes that Plaintiff has failed to demonstrate a genuine issue of material fact for trial because "neither Mr. Larimer nor Dr. Sanders failed to perform a gatekeeper role for Plaintiff's further treatment of his neck impairment." *See* Suppl. R&R [Doc. No. 62] at 18.

Within the time period set by Judge Purcell, Plaintiff has filed a written Objection [Doc. No. 63] and a Motion and Brief Requesting to File an Amended/Supplemental Response to Defendant's Motion for Summary Judgment [Doc. No. 64].[4] Plaintiff complains that Judge Purcell's decision is based on a summary judgment response that

---

[4] Also, while his Objection and Motion were pending, Plaintiff filed a second "Request and Supplement to His Previous Filed Combined Motion and Brief Requesting to File an Amended/Supplemental Response, Etc." [Doc. No. 65]. This filing (with attached exhibits) concern a visit to the OU Medical Center and an MRI in February 2017, and treatments suggested by other medical consultants based on that MRI. These subsequent measures have no apparent relevance to Plaintiff's claims concerning his medical treatment by Dr. Sanders from September 2013 to March 2015, and other medical providers at DCF from June 2013 until June 2015.

3

Plaintiff filed before the deadline to respond; Plaintiff asserts that he was prevented from making a more complete response at that time by institutional transfers that deprived him of some written materials. Plaintiff bases his Objection on both his prior response and the proposed amended response submitted with his Motion. The Court finds no error by Judge Purcell. Plaintiff neither requested additional time to respond, nor asserted that his initial response was incomplete or lacked any materials needed to make a full response. Further, the Court declines to permit the supplementation of a summary judgment response that was complete at the time it was made. The Court declines to consider new matter raised for the first time in objection to Judge Purcell's Supplemental Report. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1184 85 (10th Cir. 2011); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).[5]

---

[5] The Court recognizes that it has discretion to permit supplemental briefing, but declines to do so under the circumstances. *See* LCvR7.1(i); *see also Geddes v. United Staffing All. Emp. Med. Plan*, 469 F.3d 919, 928 (10th Cir. 2006). Were the Court to exercise its discretion to consider the additional matters presented with Plaintiff's Motion, the disposition of his § 1983 claim against Defendants Larimer and Sanders would not change. The materials are primarily copies of Plaintiff's medical requests or grievances regarding his pain medications or services, which are consistent with the medical records. One exception is an affidavit apparently prepared by Plaintiff but signed by another inmate, Stacey Seamster [Doc. No. 64-2]. The affidavit contains conclusory statements that Mr. Seamster received neck surgery from a private medical provider less than six months after Dr. Sanders treated him for a neck pain; it provides no basis to conclude that Mr. Seamster had the same condition as Plaintiff or the same priority of need. The other exception is a medical transfer summary for Plaintiff's June 2015 transfer to Cimarron Correctional Facility [Doc. No 64-23], which was included in the *Martinez* report. *See* Special Report [Doc. No. 52] at 11-12, & Ex. 1 [Doc. No. 52-1] at 2.

Upon *de novo* consideration of the issues raised by Plaintiff's Objection, the Court concurs in Judge Purcell's conclusion that Defendants Larimer and Sanders are entitled to summary judgment on the § 1983 claim asserted against them in Count II of the Complaint. Liberally construing Plaintiff's Objection, the Court finds the following issues presented by timely and specific objection to the Supplemental Report: 1) Whether Judge Purcell impermissibly acts as an advocate for Defendants by treating as undisputed additional facts that were not stated in their summary judgment brief and by rejecting Plaintiff's attempts to dispute some facts; 2) Whether Judge Purcell mistakenly finds that no physician had recommended surgical treatment of Plaintiff's cervical spine condition; 3) Whether Judge Purcell erroneously concludes that the undisputed facts do not establish the subjective element of Plaintiff's § 1983 claim where Defendants allowed Plaintiff to wait 17 months from the time of the initial referral to OU Medical Center in February 2014 until he was finally seen in July 2015 (shortly after leaving DCF), despite his persistent complaints of severe pain and a worsening condition. As to all other matters addressed by Judge Purcell and not specifically challenged by Plaintiff in his Objection, further review is waived under the court of appeals' well-established "firm waiver" rule. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

**Issues 1: Summary Judgment Procedure**

Plaintiff complains that Judge Purcell improperly includes in his statement of undisputed facts, additional facts that were not stated in Defendants' brief.[6] Plaintiff

---

[6] Plaintiff also makes a conclusory assertion that Defendants' affidavits do not satisfy Rule 56(c)(4) because they were not "made upon personal knowledge" and Defendants were not

5

provides a copy of the pertinent pages of the Supplemental Report bearing his handwritten notes to indicate added factual matters. *See* Pl.'s Obj., Ex. 1 [Doc. No. 63-1]. Rule 56 specifically authorizes a district court, in its discretion, to consider materials in the record other than those cited by the parties. *See* Fed. R. Civ. P. 56(c)(3); *see also Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 672 (10th Cir. 1998). In this case, Plaintiff complains of instances in which Judge Purcell provides an additional fact shown by the medical records, such as a radiologist's report, or notes that a drug was a nonprescription pain reliever. There is no dispute concerning these matters, and they are pertinent to a clear understanding of the issues. The Court therefore finds no abuse of discretion by Judge Purcell.

Plaintiff also challenges Judge Purcell's finding that Plaintiff failed to controvert material facts and treating as undisputed facts that Plaintiff opposed in his response brief. However, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." *See* Fed. R. Civ. P. 56(c)(1)(B); *see also Adler*, 144 F.3d at 671-72 (to show a genuine dispute of material facts, "the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits;" a plaintiff may not rely on conclusory allegations of a complaint, even if it is verified). If an affidavit or declaration is used, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or

---

competent to testify on the matters stated. *See* Pl.'s Obj. [Doc. No. 63] at 1. The same statement appears as a footnote in his summary judgment response. *See* P.'s Resp. Br. [Doc. No. 59] n.2. This assertion is unexplained and has no apparent basis. Mr. Larimer stated matters shown by DCF's records or otherwise known to him as DCF's Health Services Administrator, such as the procedures for requesting off-site medical appointments with specialists. Similarly, Dr. Sanders stated matters shown by DCF's records or personally known from his treatment of Plaintiff.

declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "[C]onclusory and self-serving affidavits are not sufficient." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). The Court's review of Plaintiff's summary judgment response shows the correctness of Judge Purcell's finding that matters stated by Plaintiff lacked evidentiary support or were supported only by a speculative statement of Plaintiff's opinion or allegation.[7] Plaintiff does not identify any specific error by Judge Purcell in treating a particular fact as undisputed. Thus, the Court finds this general objection to be unsupported, and adopts Judge Purcell's statement of undisputed facts.

**Issue 2: Factual Basis for a Claim of Denied Surgical Treatment**

Plaintiff objects to Judge Purcell's conclusion that "no physician has recommended that Plaintiff should undergo surgery to treat his cervical foraminal stenosis (narrowing of the cervical disc space)." *See* Suppl. R&R [Doc No. 62] at 16. To support his objection, Plaintiff refers to materials that consist of an unsigned, handwritten note from an unidentified author associated with "North American Spine" and a letter from a "Spine Care Representative" with the "Laser Spine Institute." *See* Pl.'s Obj. [Doc. No. 63] at 2 (citing Pl.'s Resp. Br. [Doc. No. 59] at 9-10 & Exs. 15-19 [Doc. Nos. 59-13 to 59-17). These documents do not reflect a physician's recommendation that Plaintiff should receive surgical treatment of his spinal condition, and are not a proper form of summary judgment evidence. Further, these papers apparently were obtained by Plaintiff after he left DCF

---

[7] The Court recognizes that a pleading or court filing may be treated as an affidavit or declaration "if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury," as were the Complaint and Plaintiff's summary judgment response. *See Hall*, 935 F.2d at 1111.

and, therefore, do not suggest Defendants denied Plaintiff a recommended surgical treatment for his condition.[8] Accordingly, the Court finds no basis to reject Judge Purcell's conclusion, as part of his analysis of Plaintiff's § 1983 claim against Defendants, that no physician had recommended surgery for Plaintiff at the relevant time.

**Issue 3:** **Merits of Plaintiff's "Gateway" Claim of Deliberate Indifference to a Serious Medical Need**

A § 1983 claim of deliberate indifference to an inmate's serious medical need has objective and subjective components. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Judge Purcell finds "no material dispute that Plaintiff has shown the existence of a serious medical need," that is, one "sufficiently serious" to satisfy the objective component of his claim. *See* Suppl. R&R [Doc. No. 62] at 5 (citing *Sealock*, 218 F.3d at 1209). The question presented by Defendants' Motion is whether Plaintiff can satisfy the subjective component by showing Defendants acted with deliberate indifference to his need, that they "kn[ew] of but disregard[ed] an excessive risk to [Plaintiff's] health or safety." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sealock*, 218 F.3d at 1209.

Upon *de novo* consideration of this issue, the Court concurs in Judge Purcell's conclusion that Plaintiff has failed to demonstrate a genuine dispute of material fact regarding Defendants' deliberate indifference to Plaintiff's need for further diagnostic testing and examination by a specialist who could better evaluate Plaintiff's condition and determine his need for surgical treatment. The deliberate indifference standard is not

---

[8] According to the accompanying envelope, one was mailed to Plaintiff in June 2016 at the facility where he was confined after he left DCF.

satisfied "where a doctor merely exercises his considered medical judgment," such as deciding "whether to consult a specialist or undertake additional medical testing." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006). The standard is satisfied "where the need for additional treatment or referral to a medical specialist is obvious" but ignored, such as where "a medical professional recognizes an inability to treat the patient due to the seriousness of the condition and his corresponding lack of expertise but nevertheless declines or unnecessarily delays referral." *Id*. "A prison medical professional who serves 'solely as a gatekeeper for other medical personnel capable of treating the condition' may be held liable under the deliberate indifference standard if she 'delays or refuses to fulfill that gatekeeper role.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock*, 218 F.3d at 1211).

In this case, the undisputed facts show that Plaintiff received treatment for his chronic headaches and neck pain with medication and diagnostic testing performed at DCF and a hospital in Holdenville. Some tests were performed at the direction of specialists at OU Medical Center to whom Plaintiff was referred for a neurosurgical appointment and consultation. It is also undisputed that Dr. Sanders' referral was made in February 2014 by submitting a request in the usual manner and that OU Medical Center scheduled Plaintiff for an appointment in July 2014 but then rescheduled it three times, resulting in the referral not being accomplished until July 2015. Thus, Plaintiff waited approximately 17 months for the appointment to occur, measured from the time Dr. Sanders decided that a neurosurgical referral should be made to the time Plaintiff was seen by specialist. It is undisputed, however, that the timing of the appointment and the priority of Plaintiff's need

9

was not determined by Defendants but by OU Medical Center, and the delay in treatment by a specialist was not within Defendants' control.

The question thus becomes whether Defendants should have formulated an alternative plan at some point, to alleviate an unmet need due to the length of the delay. The medical records show that during the delay Plaintiff continued to complain of pain and to seek medical services, and that additional testing showed a progressive condition. The records also show, however, that Plaintiff continued to receive treatment for his pain complaints, including additional medical services and prescription medications. Although Plaintiff's condition is degenerative and his spinal stenosis increased during the delay, Dr. Sanders has stated that he never found there to be an emergency or an acute need for surgical treatment. Plaintiff merely disagrees with this assessment; he believes Defendants should have referred him to a private facility that could have treated him sooner or, perhaps, pushed for an earlier appointment at OU Medical Center. Viewing the facts shown by the record in the light most favorable to Plaintiff, the Court finds that Plaintiff has not demonstrated a genuine dispute of material fact regarding Defendants' subjective, deliberate indifference to Plaintiff's spinal condition.

**Conclusion**

For these reasons, the Court finds that Dr. Sanders and Mr. Larimer are entitled to summary judgment on the § 1983 claim asserted against them in Count II of the Complaint.

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 62] is ADOPTED. Defendants' Motion for Summary

Judgment [Doc. No. 53] is GRANTED.  A final judgment as to all claims and defendants shall be entered.

IT IS FURTHER ORDERED that Plaintiff's Motion Requesting to File an Amended/Supplemental Response to Defendant's Motion for Summary Judgment [Doc. No. 64] and Plaintiff's Second Motion to Supplement [Doc. No. 65] are DENIED.

IT IS SO ORDERED this 29th day of September, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE