IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP,           )
                             )
         Plaintiff,          )
                             )
v.                           )     Case No. CIV-15-244-D
                             )
RAY LARIMER, *et al.*,       )
                             )
         Defendants.         )

# **O R D E R**

Before the Court is "Plaintiff's Motion to Alter or Amend Court's Order Doc #74 Filed 10/31/17" [Doc. No. 75]. Plaintiff seeks reconsideration of an order denying authorization to appeal *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and directing him to pay the appellate filing fees. The denial was based on a finding "that Plaintiff has failed to sufficiently allege he qualifies for the imminent-danger exception" to the "three strikes" provision of § 1915(g). *See* 10/31/17 Order [Doc. No. 74] at 2. Specifically, the Court observed: "In his Motion, Plaintiff makes no factual allegation that would satisfy this exception; he simply states, in a footnote, that he incorporates by reference prior pleadings and unspecified filings of medical records." *Id*. at 1-2.

In the instant Motion, Plaintiff presents factual arguments and medical records to show a spinal condition on which this § 1983 action is partially based remains uncorrected.[1] Plaintiff points out that the magistrate judge previously authorized him to file this action IFP in March 2015, and a different magistrate judge authorized him to file

---

[1] Plaintiff also asserted in the Complaint a separate claim regarding a dental condition.

another action IFP in October 2016 regarding this same condition. However, Plaintiff is seeking reconsideration of a decision made October 31, 2017, in this case regarding an appeal.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *see United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citations omitted).

Plaintiff could have, but did not, include the current allegations and documents in his prior Motion. He advances no compelling reason why the Court should revisit its ruling. The court of appeals has directed Plaintiff to show cause why the appeal should not be dismissed pursuant to 28 U.S.C. § 1915(g). *See Dopp v. Larimer*, No. 17-6217, Order (10th Cir. Oct. 13, 2017). The decision whether to permit Plaintiff to proceed IFP on appeal now rests with the court of appeals.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Alter or Amend Court's Order [Doc. No. 75] is DENIED.

IT IS SO ORDERED this 15th day of November, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE